STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| | } |
| In re Rinker's, Inc., d/b/a | } |
|   Rinker's Communications, and | } Docket No. 302-12-08 Vtec |
|   Beverly and Wendell Shephard | } |
|   (Appeal of Shaw, et al.) | } |
| | } |

### Decision and Order on Appellee-Applicants' Motion to Dismiss

Appellants Karen Shaw, Forrest Foster, Joe McCarthy, Jo-Anne McCarthy, Katherine Mitchell, and David Mitchell appealed from a decision of the District 7 Environmental Commission issuing Act 250 Land Use Permit No. 7C1219-2 to Appellee-Applicants Rinker's, Inc., d/b/a Rinker's Communications (Rinker's) (and to the landowners Beverly and Wendell Shephard, who have not entered an appearance in this appeal). Heather Bryant had been granted "friend of the commission" status by the district commission and retains that status as amicus curiae in the present appeal. Rural Newco, LLC, d/b/a AT&T Mobility (AT&T) also was given leave to participate in this appeal as amicus curiae. Rinker's and AT&T may be referred to in this decision together as Appellee-Applicants or Applicants.

Appellants and Ms. Bryant are represented by Jared M. Margolis, Esq.; Appellee-Applicant Rinker's is represented by L. Brooke Dingledine, Esq.; AT&T is represented by William J. Dodge, Esq. and Charlotte B. Ancel, Esq. The Land Use Panel of the Natural Resources Board has not entered an appearance in this matter, but has informational status through Melanie M. Kehne, Esq.; the Vermont Agency of Natural Resources has not entered an appearance in this matter, but has informational status through Judith Dillon, Esq.

The Court denied Appellee-Applicants' motion for partial summary judgment

1

on the issue of whether Appellant's current appeal was barred under the doctrine of issue preclusion. In re Rinker's, Inc., No. 302-12-08 Vtec (Vt. Envtl. Ct. Aug. 19, 2009) (Wright, J.).

Based on that decision, Appellee-Applicants have moved to dismiss the appeal on the ground that Appellants lack party status as appellants on the aesthetics prong of Act 250 Criterion 8. In its August 19, 2009 decision, the Court distinguished among the enumerated elements under Criterion 8,[1] stating that, to avoid surplusage, "[each must] carry a meaning that is separate and distinct from the other." Id. at 4.

In Act 250 cases, parties have party status on appeal "with respect to the same [Act 250] criteria concerning which the district commission granted them party status," unless that party status determination is timely appealed.[2] Finard-Zamias Assocs., Permit #1R0661-EB, Memorandum of Decision, at 12 (Vt. Envtl. Bd. Mar. 28, 1990); see also The Stratton Corp., Permit #2W0519-9R3-EB, Findings of Fact, Concl. Of Law, & Order, at 4 (Vt. Envtl. Bd. Jan. 15, 1998) ("It is axiomatic that in order to appeal a criterion, a nonstatutory party must have had party status on that criterion before the district commission considering the application in question.").

Unless a party has specifically been denied party status under one of the subcriteria of an Act 250 criterion, the general rule applied by the District Commissions

---

[1] Criterion 8 of Act 250 requires that proposed projects "[w]ill not have an undue adverse effect on the scenic or natural beauty of the area, aesthetics, historic sites or rare and irreplaceable natural areas." 10 V.S.A. § 6086(a)(8). Reading the plain language of Criterion 8, a project could be subject to Criterion 8 analysis as to whether it will have an undue adverse effect 1) on the scenic . . . beauty of the area; or 2) on the . . . natural beauty of an area; or 3) on aesthetics; or 4) on historic sites; or 5) on rare and irreplaceable natural areas. In addition Criterion 8(A) separately addresses whether a project will have an undue adverse effect regarding "necessary wildlife habitat."

[2] Indeed, 10 V.S.A. § 8504(d)(2)(B) and V.R.E.C.P. 5(d)(1) provide for the necessary appeals of such party status determinations while the matter is pending before the District Commission.

and the former Environmental Board[3] is that parties who have been granted party status under one subcriterion have party status under the entire criterion for standing purposes. See John J. Flynn & Keystone Development Corp., Permit #4C0790-2-EB, Memorandum of Decision, at 5 (Vt. Envtl. Bd. Oct. 8, 2003) (stating that it is "supportable as a general proposition" that a grant of party status gives rise to party status under the "entire criterion, not just part . . ."); see also In re Tafts Corners Assocs., 160 Vt. 583, 590–91 (1993) ("Once an Act 250 criterion is noticed for appeal . . . issues generally within the scope of that criterion are properly before the Board.").

Only if a district commission grants party status under one portion of the criterion but explicitly denies party status under a separate portion of the criterion, is that party not entitled to party status on the entire criterion on appeal. John J. Flynn at 5 (stating that when the commission "clearly separates" the granted portion from the denied portion of the criterion, party status is not granted for the criterion in its entirety). For example, in John J. Flynn, the District Commission had granted party status to an adjoining property owner under Criterion 8 as to aesthetics, but had explicitly denied party status under Criterion 8 as to rare and irreplaceable natural areas, as well as under Criterion 8(A) as to necessary wildlife habitat. The Environmental Board upheld the denials under the contested subcriteria, finding that the appellant was not "entitled to maintain general Criterion 8 party status" on appeal. Id. at 5.

By contrast, in the present case, the District Commission granted party status to the Appellants under Criterion 8 as to "(Scenic Beauty, Historic Sites, and Natural Areas)," as well as with respect to Criterion 10 (Local and Regional Plan). Re: Rinker's, Inc., Permit #7C1219-2, Findings of Fact, Concl. of Law, & Order (Altered), at 5–6 (Dist.

---

[3] Under 10 V.S.A. § 8504(m), the Court is directed to give "the same weight and consideration" to prior decisions of the former Environmental Board as it gives it its own prior decisions.

#7 Envtl. Comm'n Nov. 26, 2008). However, the District Commission did not explicitly deny or even mention party status under Criterion 8 as to aesthetics, although it did expressly deny party status to two of the Appellants as to Criteria 8A (Wildlife and Endangered Species) and 9B (Primary Agricultural Soils). Id. Rather, although the District Commission had made no mention of the "aesthetics" element of Criterion 8 when granting party status, in fact its analysis of the merits of Criterion 8 discussed all four subsections of the criterion, including aesthetics. Re: Rinker's, Inc., Permit #7C1219-2, Findings of Fact, Concl. of Law, and Order, at 10 (Altered) (Dist. #7 Envtl. Comm'n Nov. 26, 2008).

Because the District Commission did not explicitly deny party status to any of the Appellants under the aesthetics subcriterion, and, indeed, proceeded to characterize its own analysis as involving aesthetics when analyzing the effect of the project on scenic beauty, Appellants have party status to raise aesthetics as their issue on appeal. Accordingly, the motion to dismiss must be denied.

In addition, as Appellees themselves have noted regarding the timing of this motion to dismiss, the Court's August 19 decision in this case provided a new articulation of the distinction among the elements or subcriteria of Criterion 8. That analysis should not be applied retroactively to deprive Appellants of party status on the only issue they raised in their Statement of Questions. Rather, the parties will have a full opportunity in their memoranda of law to present their respective interpretations of the required aesthetics analysis.

As the Court noted in distinguishing between the "aesthetics" prong of Criterion 8 and the Criterion 8 issue of a project's effect on the "scenic or natural beauty" of an area, the category of "aesthetics is a broader and different category than scenic and natural beauty — depending on its surroundings, a project could have an adverse effect on aesthetics without having an adverse effect on scenic or natural beauty." In re Rinker's, Inc., No. 302-12-08 Vtec, slip op. at 6 (Vt. Envtl. Ct. Aug. 19, 2009).

In preparing for trial, the parties should note that the aesthetics inquiry focuses on whether the project will "be in harmony with its surroundings," In re Quechee Lakes Corp., Permit Nos. 3W0411-EB & 3W0439-EB, Findings of Fact, Concl. of Law, & Order, at 18 (Vt. Envtl. Bd. Nov. 4, 1985); that is, "whether it will 'fit' the context of the area where it will be located." Re: Susan Dollenmaier and Martha Dollenmaier Spoor, Permit #3W0125-5-EB, Findings of Fact, Concl. of Law, & Order, at 11 (Vt. Envtl. Bd. Feb. 7, 2005).

Before analyzing the effect of a project on its surroundings or context, and subsequently whether that effect is undue, it is first necessary to determine what that context is. See Susan Dollenmaier at 11; Quechee Lakes at 20. In Quechee Lakes, the context or surroundings was the human-influenced river valley landscape of the Quechee valley. Quechee Lakes at 4–5, 20–21. Because that project was analyzed under both the "aesthetics" and the "scenic or natural beauty" prongs of Criterion 8, it may have had the effect of blurring the distinctions between them, once the so-called Quechee test began to be applied to other cases.

However, the "fit" of a project in its context may relate instead to the built environment or to another aspect of the surrounding area, without relating at all to "scenic" or "natural" beauty. For example, in Re: Brewster River Land Co., LLC., Permit #5L1348-EB, Findings of Facts, Concl. of Law, & Order, at 13–16 (Feb. 22, 2001), the Environmental Board analyzed a project under both the "aesthetics" and the "historic sites" subcriteria of Criterion 8. The Board determined that the residential project would have an adverse effect (although not an undue one) on the aesthetics of the area and on an historic district, because the size and density of the proposed units would differ from that of the surrounding structures. Id. at 15.

Indeed, the aesthetics or the "fit" of a project in its context may relate instead to a characteristic of the surroundings beyond the scope of the other subcriteria of Criterion 8. For example, in Re: Talon Hill Gun Club, Inc. and John Swinington, Permit

#9A0192-2-EB, Findings of Fact, Concl. of Law, & Order, at 1 (June 7, 1995) the Environmental Board granted party status to the neighbors under both Criterion 1 ("air-noise pollution") and Criterion 8 ("aesthetics-noise") in a case dealing with the noise generated by shotgun use at specified "shooting stations" at a gun club. Applying the Quechee Lakes test in its analysis of the aesthetics criterion, the Board determined that the project would have an adverse effect (although not an undue one) on the aesthetics of the surrounding area, which it described as "largely a mix of open agricultural/rural and residential uses." Id. at 8. The Board determined that "the level of noise generated by [the project] will not 'fit' into the surroundings in which [the noise is] generated." Id.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss is DENIED.

As resolved at the telephone conference held on September 15, 2009, the trial is now scheduled for October 27, 2009, to continue on October 28 and 29 as necessary (see enclosed notice). Requests for findings and memoranda of law are to be filed at the first day of trial, any supplemental requests for findings and memoranda made necessary by the trial to be filed on November 2, 2009, and any responsive memoranda to be filed by November 6, 2009. The parties have agreed to a schedule for prefiled testimony. The site visit will proceed as scheduled at 3 p.m. on Tuesday, September 22, 2009.

Done at Berlin, Vermont, this 17th day of September, 2009.

_____
Merideth Wright
Environmental Judge